```
FILED
2013 FEB 27  PM 3: 18
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY_____
```

Stephanie R. Tatar, Esq. (SBN: 237792)
**Tatar Law Firm, APC**
3500 West Olive Ave., Suite 300
Burbank, CA 91505
(323) 744-1146 Telephone
(888) 778-5695 Facsimile
*Stephanie@TheTatarLawFirm.com*

Attorney for Plaintiff,
KATHERINE HANSEN

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

KATHERINE HANSEN, an individual,

   Plaintiff,

vs.

MANDARICH LAW GROUP LLP, a limited liability partnership; and CACH, LLC, a limited liability corporation,

   Defendants.

Case Action No.: CV13-01437-ODW (PLAx)

COMPLAINT FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT AND THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

DEMAND FOR JURY TRIAL

---

1

COMPLAINT AND DEMAND FOR JURY TRIAL

## I. PLAINTIFF'S COMPLAINT

KATHERINE HANSEN (hereinafter referred to as "Plaintiff"), by her attorney, Stephanie R. Tatar, alleges the following against MANDARICH LAW GROUP LLP (hereinafter referred to as "Mandarich"), and CACH LLC (hereinafter referred to as "CACH"):

## II. JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

2. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## III. PARTIES

3. Plaintiff is an adult individual residing in Los Angeles, California.

4. Mandarich is a limited liability partnership with its principal office located at 6301 Owensmouth Avenue, Suite 850, Woodland Hills, California and which is qualified to and regularly conducts business in the State of California. The principal purpose of Mandarich is the collection of debts already in default using the mails and telephone, and Mandarich regularly attempts to collect said debts.

5. CACH is a Colorado Limited Liability Company, which is qualified to and regularly conducts business in the State of California. The principal purpose of CACH is the collection of debts already in default using the mails and telephone, and CACH regularly attempts to collect said debts.

## IV. FACTUAL ALLEGATIONS

6. At all times pertinent hereto, Mandarich and CACH attempted to collect an alleged debt relating to consumer purposes (hereafter the "debt").

7. The alleged debt which Mandarich and CACH attempted to collect pertained to a credit card allegedly obtained by Plaintiff.

8. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes.

9. Defendant Mandarich and CACH filed suit, in the Superior Court of Yolo County against Plaintiff for Plaintiff's alleged failure to pay the balance due on the credit card.

10. Plaintiff was not a resident of Yolo County at the time the law suit was filed.

11. Plaintiff was a resident of Los Angeles County at the time the law suit was filed.

12. Plaintiff is currently a resident of Los Angeles County.

13. Plaintiff discovered that Defendants had sued her in Yolo County on March 4, 2012 when Plaintiff's daughter was allegedly served with the Collections Complaint.

14. On or about May 3, 2012, Plaintiff, by and through an attorney, immediately informed Defendants that they had improperly served her in an improper venue.

15. In this letter, Defendants were also advised the Plaintiff was represented by an attorney.

16. Plaintiff filed a motion to quash service based on ineffective service and the Superior Court of Yolo County granted said motion on or about August 27, 2012.

17. Defendants continue to maintain this lawsuit in Yolo County.

3
COMPLAINT AND DEMAND FOR JURY TRIAL

18. On or about July 13, 2012, upon information and belief, Defendants contacted Plaintiff, knowing that she was represented by an attorney.

19. Defendants failed to meaningfully disclose their identity when they contacted Plaintiff.

20. Defendant acted in a false, deceptive, misleading and unfair manner when it engaged in conduct the natural consequence of which is to harass, oppress, or abuse such person contacted.

21. Defendant acted in a false, deceptive, misleading and unfair manner by using unfair or unconscionable means to collect or attempt to collect any debt.

22. Defendant used unfair or unconscionable means to attempt to collect the debt.

23. Defendant Mandarich knew or should have known that its actions violated the FDCPA. Additionally, Defendant Mandarich could have taken the steps necessary to bring its agent's actions within compliance of these statutes, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

24. Defendant CACH knew or should have known that its actions violated the FDCPA and RFDCPA. Additionally, Defendant CACH could have taken the steps necessary to bring its agent's actions within compliance of these statutes, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

25. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendants herein.

26. At all times pertinent hereto, the conduct of Defendants as well

as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

27. As a result of Defendants' conduct, Plaintiff suffered nausea, stress, headaches, nervousness, embarrassment, humiliation, sleeplessness, depression, upset stomach and anxiety.

28. As a result of Defendants' conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## V. FIRST CLAIM FOR RELIEF- VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## MANDARICH

29. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

30. Defendant Mandarich is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

31. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

32. The above contacts between Defendant Mandarich and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

33. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692d; 1692d(6); 1692e; 1692e(10); 1692f; as evidenced by the following conduct:

    a. engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

    b. placement of a telephone call without meaningful disclosure of the caller's identity;

    c. use of false, deceptive or misleading representations or means in connection with the collection of a debt;

    d. use of false representations or deceptive means to collect or attempt to collect the debt or to obtain information concerning a consumer;

    e. using unfair or unconscionable means to collect or attempt to collect any debt;

    f. otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt from the Plaintiff.

34. Defendant Mandarich acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

35. As a result of the above violations of the FDCPA, Defendant Mandarich is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

    a. That judgment be entered against Defendant Mandarich for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    b. That judgment be entered against Defendant Mandarich for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

    d. That the Court grant such other and further relief as may be just and proper.

## VI. SECOND CLAIM FOR RELIEF- VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### CACH

36. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

37. Defendant CACH is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

38. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

39. The above contacts between Defendant CACH and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

40. Defendant CACH violated the FDCPA. Defendant CACH's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692(d); 1692d(6); 1692e; 1692e(10); 1692f as evidenced by the following conduct:

    a. engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

    b. placement of a telephone call without meaningful disclosure of the caller's identity;

    c. use of false, deceptive or misleading representations or means in connection with the collection of a debt;

    d. use of false representations or deceptive means to collect or attempt to collect the debt or to obtain information concerning a consumer;

    e. using unfair or unconscionable means to collect or attempt to collect any debt;

    f. otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt from the Plaintiff.

41. Defendant CACH acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

42. As a result of the above violations of the FDCPA, Defendant CACH is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

    a. That judgment be entered against Defendant CACH for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    b. That judgment be entered against Defendant CACH for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

    d. That the Court grant such other and further relief as may be just and proper.

## VII. THIRD CLAIM FOR RELIEF - VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CAL.CIV.CODE §1788 et seq.

### CACH

43. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

44. CACH sought to collect a consumer debt which was due and owing, or alleged to be due and owing, from Plaintiff. Plaintiff is a "debtor" as that term is defined by Cal. Civ. Code §1788.2(h).

45. CACH is not a firm of attorneys or counselors at law and is a company that, in the ordinary course of business, regularly, on behalf of itself or others or others, engages in debt collection as that term is defined by Cal. Civ. Code §1788.2(b), and is a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c).

46. CACH violated the RFDCPA based on the following:

    a. CACH violated §1788.15 by collecting or attempting to collect a consumer debt by means of judicial proceedings when it knew that service of process has not been legally effected.

    b. CACH violated §1788.17 by failing to comply with federal provisions of the Fair Debt Collection Practices Act.

47. As direct and proximate result of one or more or all of the statutory violations above, Plaintiff has suffered emotional distress.

WHEREFORE, Plaintiff respectfully requests judgment entered against CACH for the following;

    a. Declaratory judgment that CACH's conduct violated the Rosenthal Fair Debt Collection Practices Act;

b. Statutory damages pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal Civ. Code §1788.30(b) for each separate violation of the RFDCPA;

c. Actual damages;

d. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal Civ. Code §1788.30(c); and

e. Any other relief that this Honorable Court deems appropriate.

## VIII. DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff demands a jury trial in this case.

DATED: February 27, 2013

Respectfully Submitted,

TATAR LAW FIRM, APC

By: _____
Stephanie Tatar, Esq.
Attorney for Plaintiff,
KATHERINE HANSEN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Otis D. Wright II and the assigned discovery Magistrate Judge is Paul Abrams.

The case number on all documents filed with the Court should read as follows:

**CV13- 1437 ODW (PLAx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Stephanie R. Tatar (237792)
Tatar Law Firm, APC
3500 West Olive Ave., Ste 300
Burbank, CA 91505

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Katherine Hansen, an individual,<br><br>PLAINTIFF(S)<br>v.<br>Mandarich Law Group LLP, a limited liability partnership; and CACH, LLC, a limited liability corporation,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV13-01437-ODW (PLAx)<br><br>SUMMONS |

TO: DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __Stephanie R. Tatar__, whose address is __3500 West Olive Ave., Ste 300, Burbank, CA 91505__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: FEB 27 2013     By: __MARILYN DAVIS__
                          Deputy Clerk
                          (Seal of the Court)

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

CV-01A (10/11)                    SUMMONS

# CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

Katherine Hansen

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

Mandarich Law Group LLP and CACH LLC

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Stephanie R. Tatar, Tatar Law Firm, APC
3500 West Olive Ave., Ste 300
Burbank, CA 91505
(323) 744-1146

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

## II. BASIS OF JURISDICTION (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No ☐ **MONEY DEMANDED IN COMPLAINT:** $ TBD

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Violations of the Fair Debt Collection Practices Act, 15 USC 1692 et seq and the Rosenthal Fair Debt Collection Practices Act, Ca.Civ.Code 1788 et seq

## VII. NATURE OF SUIT (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☒ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY: Case Number:** CV13-01437

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

CV-71 (02/13)      CIVIL COVER SHEET      Page 1 of 2

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ NO ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ NO ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | Colorado |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, Yolo | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____   DATE: 2-27-13

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |